**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**T.S., an individual,**

        **Plaintiff,**

    **v.**

                             **Civil Action 1:19-cv-02970-ALM-EDP**
                             **Judge Algenon L. Marbley**

                             **Chief Magistrate Judge**
                             **Elizabeth A. Preston Deavers**

**INTERCONTINENTAL HOTELS GROUPS**
**AND CHOICE HOTELS CORPORATION,**

    **Defendants.**

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held telephonically on November 11, 2019 and was attended by:

1. T. Michael Morgan, counsel for Plaintiff(s) T.S.;

2. Jennifer Snyder Heis, counsel for Defendant Choice Hotels International, Inc., incorrectly named as Choice Hotels Corporation ("Choice");

3. Sara M. Turner, counsel for Defendant Choice.

Counsel D. Patrick Kasson, counsel for Defendant InterContinental Corporation, was unavailable and unable to attend and did not participate in the discussion of the below items.

Counsel in attendance represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.     CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes __X__No

1

2.      <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

  <u>X</u>  Yes        <u>     </u>No       <u>     </u>The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by January 15, 2020.

3.      <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

<u> X  </u>Yes     <u>   </u>No

If yes, describe the issue:  As to Choice, there is a question as to whether Choice is properly named as a franchisor of the hotel in question, whether the court has personal jurisdiction over Choice in the lawsuit, and whether the lawsuit has been filed in the proper venue.

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by <u>February 15, 2020</u>.

4.      <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>January 15, 2020</u>.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by<u>          </u>.

5.      <u>MOTIONS</u>

   a. Are there any pending motion(s)?

      <u>     </u>Yes    <u> X  </u>No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   b. Are the parties requesting expedited briefing on the pending motion(s)?

      <u>     </u>Yes    <u> X  </u>No

If yes, identify the proposed expedited schedule:

Opposition to be filed by<u>         </u>; Reply brief to be filed by<u>         </u>.

6.      ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:  Plaintiff alleges a violation of 18 U.S.C. § 1595 and 1591(a) and requests a jury trial.

7.      DISCOVERY PROCEDURES

   a.   The parties agree that all discovery shall be completed by November 11, 2020.  The to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

   b.   Do the parties anticipate the production of ESI  X  Yes_____No

        If yes, describe the protocol for such production:  The parties intend to negotiate a detailed ESI agreement.

   c.   Do the parties intend to seek a protective order or clawback agreement? Yes

        If yes, such order or agreement shall be produced to the Court at the conclusion of the negotiations for the ESI protocol.

8.      DISPOSITIVE MOTIONS

   a.   Any dispositive motions shall be filed by March 10, 2021.

   b.   Are the parties requesting expedited briefing on dispositive motions?

        _____Yes      X  No

        If yes, identify the proposed expedited schedule:

        Opposition to be filed by_____; Reply brief to be filed by_____.

9.      EXPERT TESTIMONY

   a.   Primary expert reports must be produced by June 10, 2020.

   b.   Rebuttal expert reports must be produced by August 10, 2020.

3

10.    SETTLEMENT

Plaintiff(s) will a make a settlement demand by the time expert reports are exchanged.    Defendant will respond within 60 days thereafter. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  The parties request the following month and year:    **May 2021**

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11.    RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

 _X_   Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place _____ telephone in chambers _X_ by

 _____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.    OTHER MATTERS

Indicate any other matters for the Court's consideration:

None.

 _/s/ T. Michael Morgan (with permission)_ 
T. Michael Morgan (admitted *pro hac vice*)
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 420-1414
(407) 641-5846 FAX
mmorgan@forthepeople.com

and

J. Corey Asay (0090203)
MORGAN & MORGAN, P.A.
333 W. Vine St. Suite 1200
Lexington, Kentucky 40507
(859) 286-8368
(859) 286-8384 FAX
casay@forthepeople.com

***Attorneys for Plaintiff***

 _/s/ Jennifer Snyder Heis_ 
Jennifer Snyder Heis (#0076181) (Trial Attorney)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jheis@ulmer.com

and

Alyson Terrell (#0082271)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio  43215
(614) 229-0042
(614) 229-0043 FAX
aterrell@ulmer.com

and

4

Sara M. Turner (admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
(205) 250-8316
smturner@bakerdonelson.com

**Attorneys for Defendant**
**Choice Hotels International, Inc.**

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 15, 2019, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ *Jennifer Snyder Heis*
Jennifer Snyder Heis (#0076181)