**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| T.S., | : |
| | : **Case No. 2:19-CV-2970** |
|     **Plaintiff,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | : **Chief Magistrate Judge Deavers** |
| INTERCONTINENTAL HOTELS GROUP, | : |
| PLC, *et al.* | : |
|     **Defendants.** | : |

**OPINION & ORDER**

This matter is before the Court on Defendant InterContinental Hotels Group, PLC's ("IHG") Motion to Dismiss. (ECF No. 81). For the following reasons, Defendant's Motion to Dismiss is hereby **DENIED.**

**I.  BACKGROUND**

This matter is one of several related cases in this district alleging sex trafficking against parent and subsidiary hotel companies. *See H.H. v. G6 Hospitality LLC*, 2:19-cv-0755 (S.D. Ohio Mar. 3, 2019); *M.A.v. Wyndham Hotels & Resorts, Inc.*, 2:19-cv-0849 (S.D. Ohio Mar. 8, 2019); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-cv-01194 (S.D. Ohio Mar. 29, 2019); *A.C. v. Red Roof Inns, Inc.*, No. 2:19-cv-4965 (S.D. Ohio Nov. 8, 2019); *C.T. v. Red Roof Inns, Inc.*, No. 2:19-cv-05384 (S.D. Ohio Dec. 8, 2019). Plaintiff T.S. alleges she was trafficked for sex "at hotels in Steubenville and Youngstown, Ohio, including the Holiday Inn," which "is an IHG brand property." (ECF No. 61 ¶¶ 6, 10(b)). Plaintiff now seeks to hold the parent hotel company liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

1

Plaintiff is a survivor of sex trafficking who was first trafficked at the age of 15 years old. (ECF No. 61 ¶¶ 3, 4). She was first trafficked by a family friend in her native state of West Virginia, but she managed to escape from this sex trafficker only to be preyed upon by other traffickers who coerced her into commercial sex work at Defendant's hotels. (*Id.* ¶ 4). Plaintiff alleges that Defendant knew that sex trafficking occurred frequently on its properties and failed to prevent it, and also that Defendant knew or should have known of T.S.'s trafficking. *(Id.* ¶¶ 10(d), 49(b)). Plaintiff points to behavior that she alleges hotel staff should have recognized as signs of her trafficking: repeated visits with different guests, bruising, and lack of eye contact, and physical deterioration. (*Id.* ¶ 76). T.S. alleges that the hotel and its parent company did not take adequate measures to prevent human trafficking and demonstrated "actual and/or constructive notice" of "prostitution" but "failed to take any actions to curtail th[is] activit[y]." (*Id.* ¶¶ 49(g), 70).

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (ECF No. 81).

Plaintiff bears the burden of establishing that personal jurisdiction exists over a defendant. *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 537-38 (S.D. Ohio 2012) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). Where, as here, "the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls*, 503 F.3d at 549 (quoting *Am. Greetings Corp. v. Cohn*, 839

2

F.2d 1164, 1169 (6th Cir. 1988). Plaintiff can make this showing by "establishing with reasonable particularity sufficient contacts between [the Defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. California Federal Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). In deciding a Rule 12(b)(2) motion, the Court "construe[s] the facts in the light most favorable to the non-moving party," and "**does not weigh** the controverting assertions of the party seeking dismissal." *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (emphasis in original).

### III. LAW & ANALYSIS

In several related cases, this Court has issued orders denying defendant hotel companies' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See M.A.v. Wyndham Hotels & Resorts, Inc.*, 2:19-cv-0849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019); *H.H. v. G6 Hospitality LLC*, 2:19-cv-0755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-cv-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020); *A.C. v. Red Roof Inns, Inc.*, No. 2:19-cv-4965, 2020 WL 3256261 (S.D. Ohio June 16, 2020). Here, Defendant IHG brings this Motion to Dismiss challenging the sufficiency of Plaintiff's complaint only on the basis of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (ECF No. 81).

Personal jurisdiction exists over a defendant "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parson*, 289 F.3d 865, 871 (6th Cir. 2002) (internal citations omitted). Personal jurisdiction over a defendant may be general or specific, depending on the nature of the defendant's contacts with the forum state. *Id.* at 873. General

jurisdiction exists when a defendant's contacts are sufficiently "continuous and systematic" to justify jurisdiction over claims unrelated to those contacts. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "paradigm all-purpose forums" for corporate defendants are its place of incorporation or its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2015). Specific personal jurisdiction exists over an out-of-state defendant who has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires*, 564 U.S. at 293 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff must show the defendant "purposefully directed his activities at residents of the forum" and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted).

Plaintiff alleges Defendant IHG conducts regular business in Ohio and operates dozens of hotels in Ohio, including the Holiday Inn Steubenville where Plaintiff alleges she was trafficked. (ECF No. 61 ¶¶ 10(g), 49(a)). Plaintiff alleges that IHG has been on notice regarding repeated incidences of sex trafficking that occur at the hotels it manages, including the Holiday Inn Steubenville, and that IHG has failed to enforce its own policies to prevent Plaintiff from being trafficked. (*Id.* ¶¶ 49(a)-(b)). Plaintiff alleges that Defendant profited from a sex trafficking venture at the Holiday Inn Steubenville, over which Defendant exercised "ongoing and systemic" control. (*Id.* ¶¶ 10(g), 49(e), 72).

In its Motion to Dismiss, Defendant IHG claims that it "does not solicit any business in Ohio or the United States of America, nor does it advertise in Ohio or the United States of America" based on the Declaration of Melinda Renshaw, the Deputy Company Secretary for Defendant. (ECF No. 81 at 2) (ECF No. 81-1). Defendant also alleges based on the Renshaw

4

Declaration that it "does not maintain an office or own property in Ohio," "does not maintain a director, employee, or agent in Ohio," and "does not own or manage any hotels, or otherwise conduct business within the state of Ohio." (ECF No. 81 at 3). Defendant does state that it is the "ultimate parent of a group of subsidiary companies that include Holiday Hospitality Franchising, LLC" (HHF), which owns the Holiday Inn as a brand property where Plaintiff alleges she was trafficked. (*Id.* at 2) (ECF No. 61 ¶ 10(b)). Defendant maintains that IHG "does not have any contacts in Ohio," and Plaintiff's allegations are "false and legally insufficient to confer jurisdiction with this Court under Ohio's long-arm statute." (ECF No. 81 at 4-5). Defendant also argues that because it is "a company incorporated in Great Britain and registered in England and Wales," it "does not have the continuous and systematic corporate operations within Ohio required to exercise general jurisdiction in this state." (*Id.* at 7-8).

In response, Plaintiff maintains that "IHG exercises the right to control the manner of its brand standards with the third-party franchisee" and "possesses the right to terminate a franchise agreement . . . for non-compliance with brand standards." (ECF No. 85 at 11). Plaintiff argues that Ohio law may hold a franchisor vicariously liable for its franchisee's conduct as an agent. *See Cooley v. Valero Energy Corp.*, No. 2:11-cv-526, 2012 U.S. Dist. LEXIS 40291, at *11 (S.D. Ohio Mar. 20, 2012). As a result, Plaintiff argues that "IHG purposely availed itself to the privileges of conducting business in Ohio directly, and through its subsidiary agent HHF," which "enjoyed the benefits and protections of Ohio law by marketing and branding its brand hotels." (*Id.* at 13).

Construing the allegations in the light most favorable to Plaintiff, this Court finds there are sufficient allegations to indicate IHG has minimum contacts with the forum state for this Court to exercise specific personal jurisdiction. Defendant's actions constitute purposeful

availment and cannot be characterized as "random, fortuitous, or attenuated contacts." *Opportunity Fund, LLC*, 912 F. Supp. 2d at 539. Plaintiff has alleged that Defendant IHG as "the principal" has "acknowledge[d] the third party franchisee [HHF], as the agent," to act on its behalf based on franchise agreements and the use of the IHG brand name and likeness. (ECF No. 85 at 10). Plaintiff has alleged a causal connection between Defendant's activities managing hotels in the state of Ohio and the harm caused to her as a result of her trafficking at a hotel managed by Defendant. *See Opportunity Fund, LLC*, 912 F. Supp. 2d at 540; *Doe S.W.*, 2020 WL 1244192, at *3 (finding personal jurisdiction over hotel parent company where plaintiff alleged willful blindness to sex trafficking on its properties and receipt of benefits in the form of profits from its franchise locations).

When these first two prongs of due process are met, this Court presumes the reasonableness of specific personal jurisdiction. *Opportunity Fund, LLC*, 912 F. Supp. 2d at 540. In assessing reasonableness, this Court considers several factors including "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id.* (internal citations omitted). Here, Plaintiff is a citizen of Ohio and currently resides in Cincinnati, Ohio. (ECF No. 61 ¶ 9). Plaintiff alleges that all of her trafficking occurred in hotel locations in Ohio, including the Holiday Inn in Steubenville. (*Id.* ¶ 6). Any inconvenience to Defendant IHG of litigating in Ohio "does not override the other factors suggesting that personal jurisdiction in Ohio is reasonable." *Opportunity Fund, LLC*, 912 F. Supp. 2d at 540. For these reasons, this Court finds it has specific personal jurisdiction over Defendant IHG.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **DENIED**.

    **IT IS SO ORDERED.**

                                                     **ALGENON L. MARBLEY**
                                                   **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: November 2, 2020**